## BRUCE MILLER v. J. E. MINNEY.

FEES, *When not Allowed Probate Judge.* A physician, by merely making and filing with the probate judge of his county wherein he practices his profession, an affidavit to keep, observe and perform all the requirements and conditions of the laws of Kansas regulating the sale and use of intoxicating liquors, as prescribed by § 3, ch. 128, Session Laws of 1881, is not liable to the probate judge with whom he files such affidavit for any fees for the certificates of the filing of the affidavit delivered by the 'probate judge to licensed druggists in his county.

*Error from Cherokee District Court.*

THE opinion states the case. At the October Term, 1883, judgment for costs against plaintiff *Miller*, who brings it here for review.

*Ritter & Skidmore*, for plaintiff in error.
*Fred. Bason* and *Webb & True*, for defendant in error.

The opinion of the court was delivered by

HORTON, C. J.: The plaintiff, Bruce Miller, was the probate judge of the county of Cherokee from January, 1881, to January, 1883, and exercised the duties of the office. The defendant was a practicing physician within said county on May 27, 1881, and has ever since continued in the practice of his profession. On May 27, for the purpose of complying with § 3, ch. 128, Laws of 1881, he made and filed with the plaintiff, as such probate judge, the affidavit required in said section. On May 27, there were ten druggists in said county having permits to sell intoxicating liquors under the provisions of chapter 128; subsequent to said May 27 and prior to January, 1883, seventeen other druggists took out permits to sell intoxicating liquors in the county. The plaintiff, as such probate judge, issued to each of said druggists a certificate showing the filing of the affidavit by the defendant, aggregating in all twenty-seven certificates; the plaintiff has never been paid by the defendant for the issuing of the certificates, and therefore brought this action against the defendant to recover his fees, amounting to $13.50. A general demurrer was interposed to the petition in the court below, and sustained by the court. The plaintiff excepted, and complains of this ruling.

Although the legislature has provided that when any physician shall make and file with the probate judge of the county wherein he may practice his profession an affidavit to keep, observe and perform the requirements of the statute regulating the sale and use of intoxicating liquors, the probate judge

with whom the application is filed shall forthwith deliver to each licensed druggist in his county a certificate of the filing thereof, it has not prescribed who shall pay the fees of the probate judge therefor. (Laws of 1881, ch. 128, § 3.)

It is insisted by the plaintiff that, as the physician filing such an affidavit causes the services to be performed, he must pay the fees, as such services necessarily grow out of the filing of the affidavit. The same argument could be made in favor of requiring each druggist receiving the certificate to pay the fee therefor, as the statute prescribes that the probate judge shall deliver certificates to licensed druggists only. Therefore, when a druggist obtains a permit or license, he renders it incumbent upon the probate judge of his county to deliver to him a certificate of the filing of each physician's affidavit it required by the prohibitory act. As the statute does not prescribe that the physician shall pay for the certificate or notice of the filing of his affidavit, we are not to construe it to make him responsible in the absence of such legislation. It would be an exceedingly harsh interpretation of the law to require a physician practicing in a city or town, and patronizing one or two druggists only, to make him liable for the fees of the probate judge for the certificates delivered to all druggists in his county. No such obnoxious intrepretation should be given to the statute unless absolutely required by its provisions. In our opinion, the statute authorizes no such interpretation.

The judgment of the district court must be affirmed.

All the Justices concurring.